```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

    UNITED STATES OF AMERICA      *          CIVIL ACTION

    VERSUS                        *          NO: 97-219

    MELVIN JONES                  *          SECTION: "D"
```

### ORDER AND REASONS

Before the court is the **"Motion for Rule 35 Correction of Sentence"** filed by Defendant, Melvin Jones. The Government filed a memorandum in opposition. The motion is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

### I. Background

On August 7, 1997, Defendant Melvin Jones was charged in a federal Indictment with conspiracy to distribute PCP (count 1), and distribution of PCP (Counts 2 and 3). Two other Defendants, Addison Esteem and Gretchen Trim, were also charged in Count 1 with conspiracy to distribute PCP. On October 1, 1997, Defendant Jones pled guilty to all three counts against him. On December 17, 1997,

this court sentenced Jones to 151 months imprisonment.  Jones did not appeal this sentence.

On May 1, 1998, Jones filed a "Motion for Clarification or Correction Sentence."  On May 13, 1998, the court dismissed this motion for lack of jurisdiction.  (Doc. No. 99).

On September 11, 2003, Jones filed an untitled document seeking credit for time served between the date of his transfer from state to federal custody on August 21, 1997, and his sentencing on December 17, 1997.  The court treated this request as a "§2255 Motion to Correct Sentence" and ordered the Government to show cause why Jones' sentence should not be adjusted.  (Doc. No. 118).  The Government subsequently advised the court that it would not file an objection to the Rule to Show Cause, and thus the court issued an "Amended Judgment and Probation/Commitment Order" adjusting Jones' federal sentence to 145 months and 23 days.  (Doc. No. 120).

On March 28, 2005, Jones filed a "Motion to Review Sentence Pursuant to 18 U.S.C. §3742," arguing that he could not be charged and convicted of the conspiracy to distribute PCP because: (1) the conspiracy charge against one co-conspirator, Gretchen Trim, was dismissed; and (2) the other co-conspirator, Addison Esteem, went to Trial and was acquitted of the conspiracy charge.  The court denied this motion, stating:

> As the record clearly reflects, the original Indictment against Gretchen Trim was dismissed because she ultimately pled to a Superseding Bill of Information, which Charged her with a misprision of a felony. (*See* Record, Doc, No, 36, Superseding Bill of Information, and Doc. No. 93, Judgment and Probation/Commitment Order). More importantly, *contrary to and fatal to Jones' argument*, Co-defendant Addison Esteem went to Trial and was found **guilty** on the conspiracy count. (*See* Record, Doc. No. 76, Jury Verdict).

(Doc. No. 121).

On April 20, 2005, Jones filed a "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)." In this motion he conceded that Co-Defendant Esteem went to Trial and was convicted of the conspiracy charge, but based on records that he recently reviewed, he complained for the first time about the disparity in sentences he and Esteem received on the conspiracy conviction. He specifically argues that Esteem's sentence was based on a formula to convert fluid ounces of PCP into actual PCP, but such a formula was not used, but should have been used, when he was sentenced.[1]

---

[1] Again, on October 1, 1997, Defendant Jones pled guilty as charged. He was sentenced on December 17, 1997.

Co-Defendant Esteem went to Trial and was convicted of the conspiracy charge on December 16, 1997, and he was not sentenced until July 15, 1998. Before sentencing, Esteem's counsel had the 32 ounces of the subject PCP mixture tested by Dr. Roy Sweaney, who found that the 32 ounces of PCP mixture actually contained only 1.67 grams of PCP. At Esteem's sentencing the court stated:

> I have studied the transcript of the hearing we had concerning the proper allocation of the guidelines and have come to the conclusion as follows:

3

The court denied Jones' "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)" as legally frivolous.

### II.  Jones' "Motion for Rule 35 Correction of Sentence"

On April 24, 2006, Jones filed the instant "Motion for Rule 35 Correction of Sentence" again arguing that his sentence should be based on the same calculations that the court used to sentence Co-Defendant Esteem.  However, Jones concedes "[t]he problem comes in finding a vehicle suitable to changing the defendant's sentence." (Jones' Motion at p. 2).

The version of Federal Rule of Criminal Procedure 35 applicable in this case provided as follows:

> **(a) Correction of a Sentence on Remand.**  The court shall correct a sentence that is determined on

---

> The defendant is responsible for 32 fluid ounces.  The fluid ounce mixture is unknown, but the PCP actual, as that term is used in Section 2D1.1, Note "B" of the sentencing guidelines, that the PCP actual is 1670 grams of PCP actual, according to the guidelines, is equivalent to 16.7 kilograms of marijuana and that's in accordance with Section 2D1.1 of the guidelines.
>
> In addition, there were 500 grams of cocaine, and that equals, according to the guidelines, 100 kilograms of marijuana.
>
> Thus, the total amount of narcotics for the sentencing purposes that this defendant is responsible for, converted in terms of marijuana, is 116.7 kilograms of marijuana.  That equals a level of 26.

(*See* Esteem Sentencing TR. at pp. 4-5).  The court also found that Defendant Esteem was entitled to a two point reduction for acceptance of responsibility. (*Id*. at 5).

appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court-

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

**(b) Reduction of Sentence for Changed Circumstances.** The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involve information or evidence not known by the defendant until one year or more after imposition of the sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

**(c) Correction of Sentence by Sentencing Court.** The court, acting within 7 days after imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

In this matter, Jones did not appeal his sentence, so he is not entitled to Rule 35(a) relief. Further, Jones is not entitled

5

to Rule 35(b) relief because he does not allege that he rendered "substantial assistance."

Finally, Jones is not entitled to Rule 35(c) relief because he failed to seek such relief withing 7 days after imposition of his sentence. In *United States v. Lopez*, 26 F.3d 512 (5th Cir. 1994), the Fifth Circuit held that "Rule 35(c) imposes a seven-day period, which is jurisdictional." *Id*. at 518-19. Thus, pursuant to *Lopez*, the court lacks jurisdiction to act pursuant to Rule 35.

In light of *Eberhart v. United States*, __U.S.__, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005)(which focused on the 7-day time period of Federal Rule of Criminal Procedure 33(b)(2)), Jones argues that Rule 35 should be a "claim processing rule" rather than a "jurisdictional" rule, and he asks the Government in his Rule 35 motion to "forego any assertion of untimeliness," to permit the court to re-sentence him. However, unlike the Government in *Eberhart*, the Government here has expressly objected to the untimeliness of Jones' Rule 35 motion. Thus, even if the court considers the 7-day time period of Rule 35 a non-jurisdictional claim processing rule, Jones is not entitled to relief because the Government has not forfeited the untimeliness defense.

Accordingly;

**IT IS ORDERED** that Defendant Jones' **"Motion for Rule 35 Correction of Sentence"** be and is hereby **DENIED** for lack of jurisdiction or, alternatively, for untimeliness.

New Orleans, Louisiana, this **13th** day of **July, 2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE